UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Jane Doe, on behalf of herself and all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**Oxford Health Insurance, Inc.,**<br><br>Defendant. | Case No. 1:17-cv-00316<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

NOW COMES Jane Doe[1] ("Plaintiff"), on her own behalf and on behalf of all others similarly situated, asserting to the best of her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following against Oxford Health Insurance, Inc. ("Oxford"):

### A. INTRODUCTION

**1.** This lawsuit presents the straightforward question of whether Oxford's denials of coverage for wilderness treatment on the basis that it is not "evidence-based treatment" when, in fact, the weight of the medical literature demonstrates the efficacy of such treatment constitutes a

---

1  Due to the highly sensitive nature of the facts underlying this action, Plaintiff has chosen to file this Complaint anonymously, and has simultaneously filed a motion to proceed anonymously and a memorandum in support thereof.

1

breach of its insurance policies, in which Oxford agrees to provide coverage for medically necessary mental health treatment.

**2.** This lawsuit also presents the question of whether Oxford's denials of coverage for wilderness treatment in circumstances where there is no corresponding limitation for treatment for physical injury violates New York State's mental health parity law, New York Insurance Law § 3221(l)(5), *et seq.* ("Timothy's Law").

**3.** Finally, this lawsuit also presents the question of whether Oxford's denials of coverage for wilderness treatment violate New York General Business Law § 349, which prevents deceptive acts and practices.

### JURISDICTION AND VENUE

**4.** This Court has jurisdiction under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and at least one plaintiff is diverse in citizenship from the defendant.

**5.** Venue is appropriate in this district because the defendant may be found here, and at least some of the violations of law at issue took place here.

### PARTIES

**6.** At all relevant times, Jane Doe was an employee of her husband's company, a small for-profit business with its principal place of business, and its principal place of citizenship, located in Brooklyn, New York, within this judicial district. Jane Doe is the only employee covered under this Oxford insurance policy; her husband is the sole owner of the company. Jane Doe's children, including her son John Doe, are also covered under the policy.

**7.** Oxford Health Insurance, Inc., with its corporate headquarters in Trumbull, Connecticut, is a resident of the state of Connecticut. Oxford Health Insurance, Inc. is a

subsidiary of Oxford Health Plans, LLC, also a citizen of Connecticut. In this Complaint, "Oxford" refers to the named defendant and all related, successor, predecessor, parent and subsidiary entities to which these allegations pertain.

## FACTS

**A.     Coverage**

**8.**     At all relevant times, Jane Doe received her health insurance through her employer. Her health insurance plan was provided by Oxford Health Insurance, Inc. Jane Doe's 16-year-old son, John Doe, was a covered beneficiary under this plan as well.

**9.**     A redacted copy of Jane Doe's insurance policy is attached to this Complaint as Exhibit A. This is a standardized form document created by Oxford and is materially identical to other insurance policies that it offers. It specifically adopts New York law.  Pursuant to 29 CFR 2510.3-3, the policy is not subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

**10.**    Under the terms of its policy, Oxford is required to insure – at least in part – all covered services that are "medically necessary." (**Exhibit A, p. 51**). The policy defines "Covered Services" as those services that are "Medically Necessary" and "[l]isted as a Covered Service." (*Id.*).  Whether a service is a "medically necessity" is, in turn, is based on the participants' medical records, Oxford's medical policies and clinical guidelines, peer-reviewed medical literature, medical opinions of a professional society, reports and guidelines, professional standards, and opinions of health care professionals and attending providers, among other considerations. (*Id.* **at 52**).  And, these health care services must also be: furnished in accordance with generally accepted standards of professional medical practice (as recognized by the relevant medical community); clinically appropriate, in terms of type, frequency, extent, site, and

duration; considered effective for the diagnosis and treatment of the illness, injury, or disease; and not more costly than an alternative service or sequence of services at least as likely to produce the same therapeutic or diagnostic results to diagnose or treat the illness, injury, or disease. (***Id.***).

11. Mental health and substance abuse treatment is a covered service. (***Id.* at 90**).

12. This includes inpatient and outpatient services for mental, nervous and emotional disorders at facilities providing residential treatment, including room and board charges. (***Id.* at 90-91**). "Wilderness treatment" is not mentioned at all in the Oxford insurance policy.

13. John Doe., who is covered under his mother's plan and is thus entitled to receive health insurance coverage based on the same language as his mother, has struggled for years with mental health issues such as depression, low self-esteem, and harmful aggression. In 2016, his therapist attempted to place him in a number of residential treatment facilities. Each facility denied placement; each required that John Doe complete a wilderness treatment program first where he could be stabilized and begin to gain control of his aggression. His parents chose, and he was admitted, to Second Nature Entrada Therapeutic Wilderness Program, located in Utah.

14. Jane Doe sought coverage under her Oxford policy, which was denied on May 13, 2016. The denial letter indicated that coverage was denied because "[s]ervices in a program which does not have a license of a Residential Mental health program is not a covered service."

15. Jane Doe appealed that denial. On June 13, 2016, Oxford – through its mental health and substance abuse services administrator United Behavioral Health, Inc. – affirmed that denial, but on different grounds. In this regard, the second denial indicated that Oxford has a blanket position on wilderness treatment, stating: "Wilderness programs are not considered evidence-based treatment per UBH guidelines" though it also acknowledges that the Oxford

policy "does cover Licensed Mental Health Residential Treatment Program[s] when medically necessary."

16. John Doe nevertheless attended wilderness treatment. His parents covered all of the treatment expenses, which were well in excess of $50,000.

17. Oxford's position – that wilderness treatment is *per se* excluded because it is not "evidence-based" is meritless. In fact, a substantial body of literature exists demonstrating the efficacy of wilderness treatment.

18. Oxford's insurance position also violates Timothy's Law. Its blanket denial of coverage for services rendered at wilderness treatment centers is a separate treatment limitation applicable only to mental health benefits and thus violates Timothy's Law.

### CLASS ALLEGATIONS

19. Jane Doe brings this lawsuit on her own behalf and on behalf of the following class (the "Class"): *All persons who are covered under any contract or plan of health insurance that is not regulated by ERISA and that is administered, underwritten or insured by Oxford Health Insurance, Inc. that insures behavioral or mental health care and whose claim for coverage for wilderness treatment was denied because the contract or plan excluded such coverage.*

20. The proposed Class is so numerous that individual joinder of all Class members is impracticable except by means of a class action. The disposition of the claims in a class action will benefit both the parties and the Court. The exact number of Class members can be readily determined through discovery of defendant's business records.

21. Plaintiff's claims are typical of all other Class members. All Class members' claims are unified, as all were improperly denied coverage in a substantially uniform manner.

22. Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of the Class.

23. Plaintiff will adequately represent the Class because she has interests in common with the proposed Class members and has retained attorneys who are experienced in class action litigation.

24. There is a well-defined community of interest in the questions of law and fact involving and affecting the Class to be represented by Plaintiff. Common questions of law and/or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

   a. Is Oxford's blanket denial of coverage for wilderness treatment inconsistent with the weight of the relevant literature?
   b. Does Oxford's blanket denial of coverage for wilderness treatment breach the terms of its insurance policies providing coverage for mental health conditions?
   c. Does Oxford's blanket denial of coverage for wilderness treatment violate Timothy's Law?
   d. Is Oxford's blanket denial of coverage for wilderness treatment deceptive and therefore unlawful under New York General Business Law § 349?
   e. What is the appropriate measure of damages?

25. The prosecution of separate actions by individual members of the Class would create a risk of:

   a. Inconsistent or varying adjudications concerning individual members of the Class that would establish incompatible standards of conduct for the defendant opposing the Class; and

   b. Adjudication with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of other members not parties to such adjudications, and/or substantially impair or impede the ability of other non-party Class members to protect such individual interests.

26. The class action method is appropriate for the fair and efficient prosecution of this action.

27. Individual litigation of all claims that might be asserted by all Class members would produce such a multiplicity of cases that the judicial system, having jurisdiction of the claims, would remain congested for years. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of the defendants.

28. The certification of the above Class would allow litigation of claims that, in view of the expense of the litigation, may be an insufficient amount to support separate actions.

### LEGAL CLAIMS

### Count 1 – Breach of Contract

29. Plaintiff restates paragraphs 1 – 28 as if fully set forth.

30. Plaintiff's first legal claim is for breach of contract. It arises under the common law. The class period for this claim begins six years before the commencement of this action and extends to the date of certification.

31. Plaintiff and the Class are bound by materially identical contracts to defendant Oxford, which include coverage for medically necessary treatment of mental health conditions.

32. Oxford breached these contracts with Plaintiff and Class members when it denied coverage for wilderness treatment on the basis that it is not "evidence-based treatment," which is inconsistent with the weight of the relevant literature demonstrating the efficacy of wilderness treatment. This breach resulted in damages to Plaintiff and Class members in an amount to be determined at trial.

### Count 2 – Violation of New York Insurance Law § 3221(l)(5), *et seq*.

33. Plaintiff restates paragraphs 1 - 28 as if fully set forth.

34. Plaintiff's second claim is for violation of New York Insurance Law § 3221(l)(5),

7

*et seq.* ("Timothy's Law").

35. New York Insurance Law § 3221(l)(5)(A) declares that "[e]very insurer delivering a group or school blanket policy or issuing a group or school blanket policy for delivery, in this state, which provides coverage for inpatient hospital care or coverage for physician services shall provide as part of such policy broad-based coverage for the diagnosis and treatment of mental, nervous or emotional disorders or ailments, however defined in such policy, at least equal to the coverage provided for other health conditions."

36. Oxford's blanket denial of coverage for wilderness treatment on the ground that it is not "evidence-based treatment" has denied Plaintiff and the Class coverage for the diagnosis and treatment of mental, nervous or emotional disorders or ailments at least equal to the coverage provided for other health conditions.  As such, Oxford has violated New York Insurance Law § 3221(l)(5)(A).

37. As a result of Oxford's violations of New York Insurance Law § 3221(l)(5)(A), Plaintiff and the Class have been injured in an amount to be determined at trial.

**Count 3 – Violation of New York General Business Law § 349**

38. Plaintiff restates paragraphs 1 – 28 as if fully set forth.

39. Plaintiff's third claim is for violation of New York General Business Law § 349. The class period for this claim begins three years before the commencement of this action and extends to the date of certification.

40. New York General Business Law § 349 declares that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York are unlawful.

**41.** Plaintiff and the Class are consumers within the meaning of the statute and Oxford's practices at issue are consumer oriented and are harmful to the public at large.

**42.** Oxford's blanket denial of coverage for wilderness treatment on the ground that it is not "evidence-based treatment" is inconsistent with the weight of the relevant literature demonstrating the efficacy of wilderness treatment, violates New York Insurance Law § 3221(l)(5)(A) and– is therefore deceptive. Oxford's denials of coverage, which changed over time and which failed to cite any specific guideline, literature or other evidence upon which they were based, were also deceptive on their face. Oxford's deceptive acts and practices related to its blanket denial of wilderness treatment violated New York General Business Law § 349 and were therefore unlawful. As Oxford either knew or should have known that the weight of the relevant literature demonstrates the efficacy of wilderness treatment, it knowingly and/or willingly committed these violations.

**43.** As a result of Oxford's deceptive acts and practices, Plaintiff and the Class have incurred actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following:

a. Certification of the Class described above with the appointment of Plaintiff as the Class representative and the undersigned attorneys as Class counsel;

b. An award of insurance coverage due under Oxford's insurance policies and New York Insurance Law § 3221(l)(5)(A), as well as compensatory and/or statutory damages in an amount to be determined at trial;

c. An order requiring Oxford to cover all medically necessary wilderness treatment in the future;

d. Any and all other relief the Court deems appropriate, including payment of reasonable fees, costs, and interest where permitted by law.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be so tried.

Dated: January 19, 2017

Respectfully submitted,

*/s/ Patrick J. Sheehan*
Patrick J. Sheehan
**WHATLEY KALLAS, LLP**
1180 Avenue of the Americas, 20th Floor
New York, New York 10036
Telephone: (212) 447-7060
Facsimile: (800) 922-4851
Email: *psheehan@whatleykallas.com*


Jordan Lewis (*pro hac vice* application to be filed)
**JORDAN LEWIS, P.A.**
4473 N.E. 11th Avenue
Fort Lauderdale, FL 33334
Telephone: 954-616-8995
Facsimile: 954-206-0374
Email: *jordan@jml-lawfirm.com*


*Attorneys for Plaintiff and the Putative Class*